UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rasheem Gadsden,<br><br>      Plaintiff,<br><br>    -against-<br><br>The City of New York; Joseph Rosario, in his individual capacity; Angel Narvaez, in his individual capacity; James Gallagher, in his individual capacity; and John and Jane Does 1 through 5, each in his or her individual capacity,<br>      Defendants. | ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York

## JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that , *inter alia*, the events giving rise to this claim took place in the Southern District of New York.

**JURY DEMAND**

5. The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

**PARTIES**

6. Plaintiff RASHEEM GADSDEN is a resident of New York City.

7. Defendant CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. Defendants JOSEPH ROSARIO, ANGEL NARVAEZ, JAMES GALLAGHER and JOHN and JANE DOES 1 though 5 were at all relevant times herein acting in their capacity as agents, servants, and employees of the City.

9. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

10. The New York City Department of Correction (the "DOC") is the department of the City responsible for, among other functions, operating a number of detention jails in which criminal defendants are held without bail or in lieu bail are housed. At all times relevant hereto, the DOC, together with the City, was responsible for the policy, practice, supervision, implementation, and

conduct of all DOC matters and was responsible for the appointment, training, supervision, and conduct of all DOC personnel. In addition, at all relevant times, the DOC, together with the City, was responsible for enforcing the rules of the DOC, and for ensuring that DOC personnel obeyed the Constitutions and laws of the United States and of the State of New York. At all times relevant hereto, the DOC and its employees, together with the City, had a duty to obey and follow all court orders regarding the bail of a criminal defendant in its custody and control and a duty to ensure that no criminal defendant or detainee is wrongfully incarcerated.

11. At all relevant times herein, Defendants Joseph Rosario, Angel Narvaez, James Gallagher were police officers employed by the NYPD.

12. At all relevant times herein, defendants John and Jane Does 1 through 5 were corrections officers employed by the DOC.

13. Defendants Joseph Rosario, Angel Narvaez, James Gallagher (the "Individual NYPD Defendants") and John and Jane Does 1 though 5 (collectively, the "Individual DOC Defendants") are sued in their individual capacities.

14. At all times relevant herein, the Individual NYPD Defendants and the Individual DOC Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual NYPD Defendants and the Individual DOC Defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

## STATEMENT OF FACTS

15. On the evening of March 15, 2011 going into the early morning hours of March 16, 2011, the plaintiff, Rasheem Gadsden, had been with some friends at a restaurant located on Frederick Douglas Boulevard between West 114th and West 115th Streets.

16. Mr. Gadsden was smoking a cigarette outside of the restaurant. At some point he walked around the corner to West 114th Street.

17. As he was walking back towards the restaurant, an SUV pulled up near Mr. Gadsden and two of the Individual NYPD Defendants got out with their guns drawn.

18. One of the officers pushed Mr. Gadsden up against the wall of a building and handcuffed him behind his back.

19. After patting him down, the officers put Mr. Gadsden into a van and drove him to the NYPD's 28th Precinct.

20. Once at the precinct, Mr. Gadsden was subjected to a humiliating and degrading strip search, where he was forced to strip naked, squat, lift his buttocks apart and lift up his genitals as an officer examined him with a flashlight.

21. From the 28th Precinct, Mr. Gadsden was brought to Central Booking in downtown Manhattan.

22. Mr. Gadsden was arraigned in the evening and charged by way of felony complaint with criminal sale of a controlled substance in the third degree (New York Penal Law § 220.39(1)) and criminal sale of a controlled substance in or near school grounds (New York Penal Law § 220.44(2).

23. In the felony complaint Officer Rosario alleged that he observed Mr. Gadsden "hand

something" to a separately charged individual named Charles Jackson in exchange for what appeared to be money and that the other person threw crack cocaine to the ground shortly thereafter.

24. Mr. Gadsden did not possess crack cocaine or any illegal substance nor did he sell, exchange or hand anything whatsoever to Charles Jackson.

25. Bail was set in the amount of $50,000 bond or $25,000 cash.

26. Mr. Gadsden was unable to post bail.

27. On March 21, 2011, a judge of the Criminal Court of the City of New York ordered that Mr. Gadsden's bail be reduced to one dollar.

28. A bail of one dollar serves to ensure that a detainee will be released if there are no other matters holding him in jail or when any "holds" are lifted.

29. On information and belief based on a telephone call to the DOC legal department, there were no other matters holding Mr. Gadsden in jail.

30. The Individual DOC Officers failed to effectuate the March 21, 2011 reduction in bail to one dollar.

31. Mr. Gadsden's case was dismissed on the motion of the New York County District Attorney, on May 16, 2011.

32. As a result of the Individual NYPD Officers falsely arresting Mr. Gadsden and as a result of the Individual DOC Officers' failure to effectuate the reduction in bail, Mr. Gadsden remained improperly incarcerated until his case was ultimately dismissed.

## NOTICE OF CLAIM

33. On June 14, 2011, within 90 days from the dates the claims alleged in this Complaint arose, a Notice of Claim was served on the City.

34. At least 30 days have elapsed since the service of that Notice of Claim and adjustment or payment thereof has been neglected or refused.

35. The instant lawsuit is instituted within one year and 90 days after the dates the claims alleged in this Complaint arose.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against Individual NYPD Defendants

36. All other paragraphs herein are incorporated by reference as though fully set forth.

37. In arresting, searching, charging and excessively detaining Plaintiff, the Individual NYPD Defendants engaged under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches and seizures, false arrest and imprisonment and malicious prosecution.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

38. All other paragraphs herein are incorporated by reference as though fully set forth.

39. Municipal liability for the violations of plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

40. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual NYPD Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

41. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual NYPD Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to

inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

### THIRD CAUSE OF ACTION
### Pendant State Law Claim
### Against the Individual NYPD Defendants and the City
### For False Arrest and Imprisonment

42. All other paragraphs herein are incorporated by reference as though fully set forth.

43. By the actions described above, the Individual NYPD Defendants, jointly and severally, violated the Plaintiff's rights under New York law to be free from false arrest and imprisonment, as a direct and proximate result of which the Plaintiff suffered the loss of physical liberty.

44. Municipal liability for these torts rest upon principles of *respondeat superior*

### FOURTH CAUSE OF ACTION
### Pendant State Law Claim
### Against the Individual NYPD Defendants
### For Malicious Prosecution

45. All other paragraphs herein are incorporated by reference as though fully set forth.

46. By the actions described above, the Individual NYPD Defendants, jointly and severally, violated the Plaintiff's rights under New York law to be free from malicious prosecution, as a direct and proximate result of which the Plaintiff suffered continued damage in his attempt to clear himself from the false and maliciously imposed charges.

47. Municipal liability for these torts rest upon principles of *respondeat superior*.

### FIFTH CAUSE OF ACTION
### Pendant State Law Claim
### Against the Individual DOC Defendants and the City
### For Negligence

48. All other paragraphs herein are incorporated by reference as though fully set forth.

49. At all times relevant herein, the Individual DOC Defendants, and the City, acting through and by the DOC, had a duty to obey and follow court orders regarding the bail of a criminal defendant in its custody and control and a duty to ensure that no criminal defendant or detainee is wrongfully incarcerated. The Individual DOC Defendants, and the City, acting through and by the DOC, breached that duty by their failure to effectuate the March 21, 2011 court order reducing the bail to one dollar.

50. Municipal liability for the tortuous actions of the Individual DOC Defendants rests upon principles of *respondeat superior*.

### SIXTH CAUSE OF ACTION
### Pendant State Law Claim
### Against the City
### For Negligent Hiring and Retention

51. All other paragraphs herein are incorporated by reference as though fully set forth.

52. By the actions described above, the City, acting through and by the DOC, failed to use reasonable care in the hiring and retention of those employees whose failure to effectuate the March 21, 2011 reduction in bail to one dollar caused the plaintiff to be falsely and improperly incarcerated from March 21, 2011 until May 16, 2011.

53. The City, acting through and by the DOC, knew, or should have known in the

exercise of reasonable care, the propensities of said employees to engage in the wrongful conduct alleged herein.

WHEREFORE, the plaintiff requests that this Court:

    1.    Assume jurisdiction over this matter;

    2.    Award compensatory and punitive damages to plaintiff against the defendants, jointly and severally;

    3.    Award plaintiff reasonable costs, disbursements and attorney's fees; and

    4.    Grant any other relief the court deems appropriate.

Dated:  New York, New York
       April 13, 2012

Respectfully submitted,

_____
Darius Wadia, L.L.C.
By:  Darius Wadia, Bar number DW8679
Attorney for Plaintiff
233 Broadway, Suite 2208
New York, New York  10279
dwadia@wadialaw.com
(212) 233-1212/1216